UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTINA E. SEARS,
#839012,

    Petitioner,                                            Civil Action No. 20-CV-13426

vs.                                                       HON. BERNARD A. FRIEDMAN

JEREMY HOWARD,

    Respondent.
_____/

**OPINION AND ORDER DISMISSING PETITIONER'S APPLICATION FOR A WRIT OF HABEAS CORPUS, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO APPEAL IN FORMA PAUPERIS**

Christina E. Sears ("petitioner"), presently confined at the Huron Valley Women's Correctional Facility in Ypsilanti, Michigan, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In her pro se application, petitioner challenges her conviction for conspiracy to commit first-degree murder, in violation of Mich. Comp. Laws §§ 750.157a, 750.316, and solicitation to commit first-degree murder, in violation of Mich. Comp. Laws § 750.157b(2). For the reasons stated below, the Court shall dismiss the petition.

Petitioner was convicted of these offenses following a jury trial in Macomb County Circuit Court. Her conviction and sentence was affirmed on appeal. *See People v. Sears*, No. 312956, 2014 WL 465716 (Mich. Ct. App. Feb. 4, 2014); *lv. den*. 500 Mich. 889, 887 N.W.2d 415 (2016). Her petition for a writ of coram nobis, which the trial court construed as a post-conviction motion for relief from judgment, was denied. *See People v. Sears*, No. 11-001765-FC (Macomb Cty. Cir. Ct., Jan. 7, 2019). Petitioner's appeal of that decision was denied by the Michigan appellate courts. *See People v. Sears*, No. 348422 (Mich. Ct. App. July

11, 2019); *lv. den*. 946 N.W.2d 252 (Mich. 2020).

Petitioner seeks a writ of habeas corpus on the following grounds: (1) "W[ere] petitioner's IV, V, and XIV Constitutional rights violated when Macomb County Police Department searched her cell phone without a warrant[?]"; and (2) "Did police misconduct violate petitioner's IV, V, and XIV Constitutional rights violated in searching her cell phone without a warrant[?]" PageID.10-12.

Under Rule 4 of the Rules Governing Section 2254 Cases, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Under this rule, "[f]ederal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

In the present case, it is plainly apparent that petitioner is not entitled to habeas relief. The only basis she asserts for such relief is that the police violated her Fourth Amendment rights by searching her cell phone without a warrant. The Supreme Court has held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone v. Powell*, 428 U.S. 465, 494 (1976) (footnotes omitted). "[A]n 'opportunity for full and fair consideration' means an available avenue for the prisoner to present his claim to the state courts, not an inquiry into the adequacy of the procedure actually used to resolve that particular claim.'" *Neil v. Forshey*, No. 20-3491, 2020 WL 6498732, at *3 (6th Cir. Oct. 30, 2020) (quoting *Good v. Berghuis*, 729 F.3d 636, 639 (6th Cir. 2013)).

In the present case, petitioner acknowledges that she raised her Fourth Amendment claims before the state courts on two occasions.  She indicates that she did so on direct appeal, *see* PageID.12-13, and also in her motion for post-conviction relief.  *See* Page ID.7-9.  The Court takes judicial notice of the fact that Michigan courts routinely entertain challenges to evidence allegedly obtained in violation of the Fourth Amendment.  *See, e.g., People v. Hughes*, No. 158652, 2020 WL 8022850 (Mich. Dec. 28, 2020) (Michigan Supreme Court reviewing defendant's argument, although not raised at trial, that evidence seized from his cell phone should not have been admitted at trial); *People v. Lewis*, No. 349774, 2021 WL 220763 (Mich. Ct. of App. Jan. 21, 2021) (addressing Fourth Amendment issue on appeal after the trial court denied defendant's motion to suppress); and *People v. Palmer*, No. 345456, 2021 WL 69057 (Mich. Ct. App. Jan. 7, 2021) (reviewing defendant's Fourth Amendment argument on appeal for plain error after defendant failed to object to admission of the evidence in question at trial).

The Court concludes that petitioner had an opportunity to fully and fairly litigate her Fourth Amendment claims before the state courts.  Review of those claims in this Court are therefore barred by *Stone*.  Accordingly,

IT IS ORDERED that the petition in this matter is dismissed.

IT IS FURTHER ORDERED that no certificate of appealability shall issue because petitioner has made no substantial showing that any of her constitutional rights have been violated.

3

IT IS FURTHER ORDERED that petitioner may not proceed on appeal in forma pauperis because no appeal in this matter could be taken in good faith.

                                                s/Bernard A. Friedman
                                                Bernard A. Friedman
Dated: February 1, 2021         Senior United States District Judge
      Detroit, Michigan

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 1, 2021.

Christina E. Sears, #839012        s/Johnetta M. Curry-Williams
Huron Valley Complex - Womens    Case Manager
3201 Bemis Road
Ypsilanti, MI 48197